UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON T. WHITE,<br><br>                        Petitioner,<br><br>              v.<br><br>NEIL MCDOWELL, Warden,<br><br>                        Respondent. | Case No. CV 21-5765-MEMF (KK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation of the United States Magistrate Judge (ECF No. 16, "Report"). No objections have been filed.[1] The Court accepts the findings and recommendation of the Magistrate Judge except for as discussed below.

Issue 1: Malice Murder Instruction

The Court accepts the findings and recommendation of the Magistrate Judge for the most part. The Magistrate Judge states: "In light of the theories of murder presented at trial, the instructions issued by the trial court, and the verdicts rendered by the jury, it is clear the jury convicted Petitioner of first degree murder under a felony murder theory . . . ." Report at 13. The Court adopts this finding and recommendation and emphasizes that the jury's finding that the

---

[1] The Petitioner did move to supplement his petition. ECF No. 17. That request is being handled in a separate order.

special circumstance was true, as discussed in the Court of Appeals opinion, demonstrates that the jury rejected the Petitioner's second-degree murder theory.

The Court departs from the Magistrate Judge (and the state court opinion) with respect to the issue of whether jury co*uld have* considered a first-degree murder theory other than felony murder. The Magistrate Judge finds that the jury "would not have had occasion to consider whether Petitioner was guilty of first-degree murder under a malice theory, regardless of the element of premeditation." Report at 13. The Court does not adopt this finding as it appears that the jury most certainly *would have* had occasion to consider this, and, in fact, was instructed to in the jury instructions: both CALCRIM 520—which gave various alternatives for murder—as well as CALCRIM 200—the very first post trial instruction, which advises the jurors of the duties of the judge and jury. CALCRIM 200 reads as follows:

> Pay careful attention to all of these instructions and consider them together. If I repeat any instruction or idea, do not conclude that it is more important than any other instruction or idea just because I repeated it.
> . . . .
> Some of these instructions may not apply, depending on your findings about the facts of the case. Do not assume just because I give a particular instruction that I am suggesting anything about the facts. After you have decided what the facts are, follow the instructions that do apply to the facts as you find them.

On this question—of whether the jury could have considered any other theory of first-degree murder—the Court of Appeals states as follows:

> [A]t no time did the prosecutor argue that White was guilty of first degree murder under a malice aforethought theory or because White acted with premeditation.
>
> Rather, malice aforethought was presented to the jury only as a theory of second degree murder. True, CALCRIM No. 548 instructed that White was being prosecuted for murder under two theories: malice aforethought and felony murder. However, the jury would have understood that malice aforethought was a theory of second degree murder, while felony murder was a theory of first degree murder.

Appellate Decision at 10-11.

The Court disagrees with this conclusion and finds that, given the absence of clarity around first versus second degree murder, and—importantly—the failure to instruct the jury that CALCRIM 520 only applied to the defense theory of second-degree murder, the jury very well could have understood that there were three possible theories to consider: first degree felony

2

1  murder, first degree malice aforethought, and second-degree malice aforethought. The
2  instruction that the jury need not agree on the theory of murder, but must agree on the degree of
3  murder (that is, CALCRIM 548), could have further confirmed this in the jury's minds. The
4  Court is not as confident as the Court of Appeals that the jury would have necessarily understood
5  these nuances of theory and degree, when clearly they were even lost on the court and counsel in
6  the preparation of the jury instructions.[2]

Nevertheless, the Court finds that the error was harmless because—for the reasons stated by the Court of Appeals and the Magistrate Judge—the jury's special circumstance finding shows that the jury not only rejected the Petitioner's second-degree theory, but also affirmatively adopted the DA's first-degree felony murder theory.

<u>Issues 2 and 3: Unanimity Instruction and Cumulative Error</u>

With respect to Issues 2 and 3, the Court adopts the findings and recommendations in the Report with the same exceptions as noted above with respect to Issue 1.

<u>Issue 4: Stipulation as to Petitioner's Status as a "Prohibited Person"</u>

The Court adopts the Magistrate's finding that the record as a whole shows that Petitioner's counsel did stipulate that Petitioner was a "prohibited person" and therefore Element Three of the crime of Being a Felon in Possession of a Firearm in violation of California Penal Code Section 29800(a)(1) had been proven. The Court departs from the Report in one small respect.  The Report states as follows:

> Counsel for Petitioner's co-defendant later asked how the trial court would address the element of being a prohibited person and stated his preference was for the trial court to instruct, "The defendant is a prohibited person, and the parties have stipulated thereto," or "The parties have stipulated to element three." Id. at 1904. *The trial court asked if there were any objections and Petitioner's counsel stated, "No." Id.; see also id. at 2107.*

---

[2] The Court commends the trial court for its acknowledgment of the inherent danger in instructions and its careful consideration of all of the instructions and the parties' views. *See* Transcript at 1872-1873. This Court notes that an unfortunate fact of jury trials is that even with such careful consideration, trial courts and parties will sometimes miss an issue, as apparently occurred here.

3

Report at 18-19 (emphasis added). The Court finds that the colloquy cited in and referred to in the Report regarding "any objections" on page 1904 of the transcript did not concern the Felon in Possession instruction (CALCRIM 2511), but the next sequential instruction that the trial court discussed with the parties. Viewing the exchange in context makes this clear:

> **The Court:** All right. Let's start. As you know, in most major cases, the biggest problem courts run into on appeal would be the jury instructions, especially in a case like in a special circumstance case so it's important that the jury instructions be correct.
> For that reason, I'm going to go through the instructions one by one; and I realize this is going to take a little bit more time, but I think it's important that we go through each one and that everyone give your opinion as to each instruction.
> All right. So let's start with—I'm using CALCRIM—2300, Duties of Judge and Jury. This is a standard instruction, which the Court did not change in any way.

Transcript at 1872-1873.

> **The Court:** [CALCRIM]1603, Robbery: Intent of Aider and Abettor.
> **[Counsel for Petitioner's Co-Defendant]:** No objection.
> **[Counsel for Petitioner]:** No.
> **The Court:** [CALCRIM] 2511, Possession of a firearm by a prohibited person. What I will do is –I rephrased it, and I will take out "due to conviction." I will just say "by a person prohibited."
> **[Counsel for Petitioner]:** Thank you.
> **[Prosecutor]:** Your honor, for Element Three of that, are you going to state that Defendant is a prohibited person, or how will we deal with that?
> The Court: That's my question. How do you want to deal with that, Defense?
> **[Counsel for Petitioner's Co-Defendant]:** The Defendant is a prohibited person, and the parties have stipulated thereto.
> **[Prosecutor]:** That's reasonable.
> **The Court:** Okay.
> **[Counsel for Petitioner's Co-Defendant]:** Or you could put "The Parties have stipulated to Element Three."
> ***The Court:** Okay. [CALCRIM] 3149, Personally used a Firearm. Any objection to that?*
> *[Counsel for Petitioner]: No.*
> *[Counsel for Petitioner's Co-Defendant]: No.*
> **The Court:** [CALCRIM] 3515, Multiple Counts, Separate Offenses.
> **[Counsel for Petitioner]:** No objection.
> **[Counsel for Petitioner's Co-Defendant]:** No objection.

Transcript at 1903-1904 (emphasis added). When viewed in this context, it is clear that (1) the trial court was going through each instruction sequentially, one by one, (2) the question "Any objection to that?" related to the next instruction to be discussed—proposed instruction

4

CALCRIM 3149, Personally Used Firearm: Intentional Discharge Causing Injury or Death (Pen. Code, §§ 667.61(e)(3), 12022.53(d))—simply referred to as "3149"; and therefore (3) the response "No" cited by the Magistrate Judge was in reference to CACLRUM 3149, not CALCRIM 2511.

 Nevertheless, even with this minor departure from the Magistrate Judge's findings, the Court finds, as did the Magistrate Judge, that the record as a whole demonstrates that Petitioner's counsel stipulated that Petitioner was a prohibited person—Element Three of the crime of being a Felon in Possession in violation of California Penal Code Section 29800(a)(1). The Court notes that in another part of the jury instruction conference, Petitioner's counsel again appears to agree that this element (having a prior felony conviction which rendered Petitioner prohibited from possessing a firearm) has been proven:

> **The Court:** [CALCRIM] 203, Multiple Defendants. I did not make any changes to that.
> Any objection to [CALCRIM] 203?
> **[Counsel for Petitioner]** No.
> **[Counsel for Petitioner's Co-Defendant]:** Now, Your Honor, "Convicted Felon" is—
> **The Court:** Where are you talking about?
> **[Counsel for Petitioner's Co-Defendant]:** The third line or the fifth. "Defendant James Trotter is charged in Count Four, Possession of a Firearm by a Convicted Felon."
> . . . .
> **The Court:** Okay, Now as far as Mr. Trotter is concerned, you are saying that you want it to be that Mr. Trotter is charged with possession of a firearm—
> **[Counsel for Petitioner's Co-Defendant]:** Well—
> **The Court:** --only?
> **[Counsel for Petitioner's Co-Defendant]:** Illegal Possession of a Firearm; and then we would stipulate that, if he was—if he possessed a firearm, that was illegal for him to do so.
> **[Prosecutor]:** I think the most tactful way to say that is "Possession of a Firearm by a Person Prohibited from Possessing a Firearm."
> **[Counsel for Petitioner's Co-Defendant]:** That's fine.
> **[Counsel for Petitioner]:** Your Honor, will you use the same language for both?
> **The Court:** We have evidence that he was convicted [of a prior felony]. I think you actually brought in evidence that Mr. White had a felony conviction.
> **[Counsel for Petitioner]:** Just for consistency, join in the language.

Transcript 1874-1875 (emphasis added).

Finally, in instructing the jury pursuant to CALCRIM 2511, the Court stated as follows, without any objection from Petitioner's counsel:

> The Defendants are charged in Counts Three and Four with Unlawfully Possessing a Firearm. *To prove that a Defendant is guilty of this crime, the People must prove that:*
> 1. *The Defendant possessed a firearm;*
> 2. *The Defendant knew that he or she possessed the firearm; and*
> 3. *It has been stipulated that the Defendants are prohibited persons.*
>
> *The Defendant and the People have stipulated, or agreed, that the Defendant is a prohibited person. This stipulation means that you must accept this fact as proved. Do not consider this fact for any other purpose. Do not speculate about or discuss the nature of the prohibition.*

Transcript at 2144-2145 (emphasis added).

To the extent there was any doubt that the parties so stipulated, Petitioner's counsel's silence during the initial discussion regarding instructing the jury on the stipulation, his affirmative assent when the Court made reference to Petitioner having admitted a felony in another part of the jury instruction conference, and his failure to object when the Court actually instructed the jury and stated the stipulation eliminates any possible doubt that he intended to—and did—so stipulate.

The remainder of the Report is adopted in full.

IT IS THEREFORE ORDERED that Judgment be entered (1) denying the Petition for a Writ of Habeas Corpus; and (2) dismissing this action with prejudice.

Dated: July 17, 2023

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

6